# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BENITO JESUS CARDENAS GARCIA, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-3333 |
| § | | |
| ROBERT LACY, JR., *et al.*, § | | |
| Respondents. § | | |

## MEMORANDUM AND ORDER

Petitioner Benito Jesus Cardenas Garcia filed a Petition for a Writ of Habeas Corpus and Immediate Release from Custody ("Petition") [Doc. # 1], challenging his prolonged pre-removal-order detention. By Memorandum and Order [Doc. # 28] entered July 19, 2013, the Court denied the Petition. Petitioner filed a Motion for Reconsideration [Doc. # 30], which the Court denied by Memorandum and Order [Doc. # 39] entered September 26, 2013. The case is now before the Court on Petitioner's Motion for Relief from Judgment [Doc. # 42], to which Respondents filed a Response [Doc. # 47], and Petitioner filed a Reply [Doc. # 48]. The Court has carefully reviewed the parties' arguments, the full record including the parties' Status Reports [Docs. # 49 - # 52], and the governing legal authorities. Based on this review, the Court **denies** Petitioner's Motion for Relief from Judgment.

## I. BACKGROUND

The factual background of this case has been set forth fully in the Court's July 2013 Memorandum and Order and September 2013 Memorandum and Order. Briefly, Petitioner is a citizen of Mexico. He entered the United States on December 18, 1988. On May 29, 1990, Petitioner entered a plea of guilty and was convicted of attempting to gain illegal entry into the United States by declaring that he was a United States citizen. Petitioner was subsequently arrested for various other crimes between 1996 and 2009, many of them leading to convictions. Most recently, Petitioner pled guilty and was convicted of felony assault, for which he was sentenced to a term of imprisonment for three years.

Following his release from imprisonment on the assault conviction, Petitioner was taken into Department of Homeland Security ("DHS") custody on March 24, 2011. On November 11, 2012, Petitioner filed this case alleging that his detention was unconstitutionally lengthy and seeking immediate release from detention pending the ongoing removal proceedings. The Court denied the Petition. Petitioner then filed a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and the Court denied the Motion for Reconsideration.

Petitioner's challenge to his removal from the United States has been the subject of various proceedings before Immigration Judges ("IJs") and the Board of

Immigration Appeals ("BIA"). On May 21, 2013, an IJ sustained the charge of removability based on Petitioner's conviction for two or more crimes involving moral turpitude, not arising out of a single scheme of criminal conduct. On June 5, 2013, Petitioner appealed the IJ's decision.

On October 4, 2013, at Petitioner's request, the BIA remanded the case to the IJ to allow Petitioner to present "new" evidence regarding an automobile accident in January 2012 in which his wife was injured. The IJ scheduled a hearing for December 3, 2013.

On October 25, 2013, Petitioner filed his Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Petitioner argues that the BIA's remand of the case warrants relief from the Court's prior rulings. The Motion for Relief from Judgment has been fully briefed and is now ripe for decision.

**II.    STANDARD FOR RULE 60(b)(6) RELIEF FROM JUDGMENT**

Rule 60(b)(6) permits a court to grant relief from a judgment "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6). It is "a residual or catchall provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Indeed, Rule 60(b)(6) relief should be granted only where extraordinary circumstances

are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005).

### III.    ANALYSIS

Petitioner's request for a hearing and/or immediate release from custody is based on a concurring opinion, in which no other justice joined, in *Demore v. Kim*, 538 U.S. 510 (2003).  The majority of the Supreme Court in that case held unequivocally that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531.  The Supreme Court reasoned that detention of deportable criminal aliens pending their removal proceedings "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528.  The Supreme Court noted that the alien in the *Demore* case was detained longer than the average length of time, but noted further that the alien "himself had requested a continuance of his removal hearing." *Id.* at 531.  Justice Kennedy, in his concurrence, suggested that if there were "to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." *Id.* at 532-33 (Justice Kennedy concurring).

Although it is undisputed that Petitioner has been detained for a lengthy period during his removal proceedings, there is no evidence in this record that Petitioner' detention "is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." As the Court noted in its prior rulings, the "removal proceedings have been and continue to be steadily progressing." *See* July 2013 Memorandum and Order, p. 13; September 2013 Memorandum and Order, p. 4.

Additionally, as the Court found it is prior rulings, much of the delay has been attributable to Petitioner. Although the Court does not fault Petitioner for engaging in permissible litigation strategy, it is beyond dispute that his repeated requests for continuances and other circumstances that were for his benefit have increased significantly the duration of his detention.

This remains true during the time period following the Court's ruling on Petitioner's Motion for Reconsideration. The case was remanded in October 2013 to the IJ at Petitioner's request in order to present "new" evidence regarding an automobile accident that occurred in January 2012. At the December 3, 2013, hearing, Petitioner's counsel announced that he was not ready to proceed. The IJ rescheduled the hearing to January 17, 2014, but Petitioner's counsel objected, arguing that he would be on vacation for three weeks from December 16, 2013 to

January 9, 2014, and would not have adequate time to prepare for a hearing on January 17, 2014. As a result, the IJ scheduled the hearing for January 24, 2014, instead.

Due to severe weather in Houston on January 24, 2014, the hearing was cancelled and the IJ conducted a telephone conference on January 27, 2014. At that time, the IJ set a schedule for the parties to submit briefing regarding whether Petitioner's criminal convictions preclude him from obtaining cancellation of removal. The IJ scheduled a hearing for February 21, 2014.

At the February 21, 2014 hearing, Petitioner's counsel announced that he was unaware of Petitioner's complete criminal history. The IJ rescheduled the hearing to March 19, 2014, and advised Petitioner's counsel that there would be no further continuances of the hearing.

The Court emphasizes that it does not fault Petitioner and his counsel for taking all the time necessary to prepare, and does not fault Petitioner's counsel for taking a lengthy vacation. The Court notes, however, that the numerous delays at Petitioner's request and for his benefit do not suggest in any way that his detention "is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Consequently, Petitioner has not demonstrated that extraordinary circumstances in this case warrant relief under Rule 60(b)(6).

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Petitioner's Motion for Relief from Judgment [Doc. # 42] is **DENIED**.

SIGNED at Houston, Texas this **3rd** day of **March, 2014.**

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge